UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELODY W. FOX, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:18 CV 756 RWS |
| JUSTIN REICHARD and<br>JEROME J. PETRON, | ) |
|     Defendants, | ) |
| JEROME J. PETRON, | ) |
|     Third-Party Plaintiff, | ) |
| v. | ) |
| JUSTIN REICHARD, | ) |
|     Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER OF REMAND

On May 15, 2018, this personal injury case was removed from state court under 28 U.S.C. § 1441. The basis for removal was that the parties are diverse and this Court has original jurisdiction under 28 U.S.C. § 1332(a). On December 18, 2018, Defendant Jerome Petron filed a third-party complaint adding claims against Justin Reichard, a non-diverse party, as a third-party defendant. Counsel for Reichard entered an appearance on January 29, 2019. I held a scheduling conference on February 14, 2019 and asked the parties to brief the effect on the

Court's jurisdiction in light of the addition of Reichard as a third-party defendant and the possibility of Fox amending her complaint and adding Reichard as a defendant. Fox filed her brief and also filed a motion to amend her complaint to add Reichard as a defendant. Fox, Petron, and Reichard concede that if Reichard, a non-diverse party, is added to the case under 28 U.S.C. § 1447, the case should be remanded to state court.

A court should consider three factors in deciding whether to grant a plaintiff's motion to amend to join a defendant whose joinder would destroy diversity jurisdiction: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." Bailey v. Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009) (internal quotation and citation omitted). I find that these factors weigh in favor of permitting Fox to amend her complaint. Fox only added Reichard as a defendant after Reichard was added as a third-party defendant. She filed her amended complaint within a timely manner. It would be a waste of judicial resources if the claims against Reichard arising out of the same incident were litigated in two separate lawsuits. In addition, Fox may be injured by inconsistent verdicts relating to Reichard if she is not allowed to amend her complaint in this case.

As a result, I will grant Fox's motion to amend her complaint to add Justin

Reichard as a defendant and remand the matter to state court.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Melody Fox's motion to amend her complaint to add Justin Reichard as a defendant in this case [43] is **GRANTED**.

**IT IS FURTHER ORDERED that** this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri under 28 U.S.C. § 1447(e). The caption of the state court case was Fox v. Petron, 18SL-CC01499.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of March, 2019.